FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ DEC 12 2008 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMAL SHAKA GILBERT, | ) |
| | ) |
| Defendant. | ) |

**08-CR-138-01 (JBW)**

**Statement of Reasons Pursuant to**
**18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On April 11, 2008, Jamal Shaka Gilbert pled guilty to Count One of a two-count indictment, which charged that on February 2, 2008, the defendant imported cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1).

Gilbert was sentenced on October 27, 2008. The underlying indictment against him was dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The maximum term of imprisonment for this crime is 20 years. See 21 U.S.C. § 960(b)(3). The court found the total offense level to be nineteen and defendant's criminal history category to be level I, yielding a guidelines range of imprisonment of between thirty to thirty-seven months. The guidelines range of fine was from $6,000 to $60,000.

Gilbert was sentenced to fifteen months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The court recommended that Gilbert receive vocational training in electronic technology and computers while serving his prison sentence. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant has committed a serious offense involving international drug trafficking. The defendant was eighteen years old at the time of his arrest and vulnerable to negative influence.

2

The defendant was induced by drug traffickers to participate in drug importation. While the crime is serious, the defendant has indicated his remorse and has cooperated with investigators. In sentencing outside the guideline range, the court considered that while the defendant is intellectually mature, he is physically immature and will be in danger of abuse by other prisoners, likely suffering serious physical and emotional harm.

A sentence of fifteen months and three years supervised release reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in narcotics trafficking will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and Gilbert's deportation upon release. It is unlikely that he will engage in further criminal activity in light of his considerable skills and intelligence.

Jack B. Weinstein
Senior United States District Judge

Dated: November 24, 2008
       Brooklyn, New York